IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICKY CASH, | * | |
| Petitioner, | * | Civil Action No. RDB-19-0958 |
| v. | * | Crim. Action No. RDB-11-0547 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On October 25, 2012, *pro se* Petitioner Nicky Cash ("Cash" or "Petitioner") pled guilty to one count of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(d).  (Re-arraignment, ECF No. 474; Plea Agreement, ECF No. 475.)  Specifically, Cash admitted that she was a high-ranking member of Dead Man, Inc., a violent Maryland racketeering enterprise, and that she was personally involved in the murders of at least two victims and the smuggling of narcotics into prison. (ECF No. 475 ¶ 6.)  The plea agreement introduced as Government Exhibit No. 1, specifically provided that she waived appeal of any sentence below 327 months.  (ECF No. 475 ¶ 11.)  On March 20, 2013, this Court sentenced Cash to a 228-month (19-year) term of imprisonment with credit for time served in federal custody since November 2, 2011, to be followed by a 3-year term of supervised release.  (Judgment & Commitment Order ("J&C"), ECF No. 636.) Despite her waiver of appeal as set forth in the plea agreement, Cash appealed her conviction and sentence.  (Notice of Appeal, ECF No. 645.)  The United States Court of Appeals for the Fourth Circuit dismissed the appeal and the United States Supreme Court denied a petition

for writ of certiorari. *United States v. Cash*, No. 13-4247 (4th Cir. 2014), ECF No. 52; *Cash v. United States*, 572 U.S. 1078, 134 S. Ct. 1921 (2014).

Now pending is Cash's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 978.) The Government has filed a response in opposition. (ECF No. 1006.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018).[1] For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1006) is DENIED.

## BACKGROUND

On March 29, 2012, Nicky Cash was charged in three counts of a twenty-seven count Superseding Indictment, to wit: conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO conspiracy"), in violation of 18 U.S.C. § 1962(d) (Count One); accessory after the fact, in violation of 18 U.S.C. § 3 (Count Six); and conspiracy to distribute and possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846 (Count Twenty-Seven). (Superseding Indictment, ECF No. 283.) October 25, 2012, Cash pled guilty to Count One, RICO conspiracy, pursuant to a plea agreement. (ECF Nos. 474, 475.) Cash stipulated that in 2009 she became a member of Dead Man, Inc., a violent Maryland racketeering enterprise, assumed leadership over the female members of the organization, who are called "Diamonds," and eventually became an "Elder" within the organization. (ECF No. 475 ¶ 6.) In this capacity, Cash transmitted an order to commit the murder of Tony Geiger to prevent

---

[1] This Court issues its ruling without a reply, as a reply by the Defendant would not aid this Court's decision. *See Bell v. United States,* RDB-12-3042, 2015 WL 4561837, at *3 (D. Md. July 27, 2015) (collecting cases holding that reply is not required in § 2255 proceedings).

his potential cooperation with police, assisted others in changing their clothes after murdering another victim, James Flanary, and facilitated the distribution of drugs in prison.  (*Id.*)

This Court conducted a Sentencing Hearing on March 20, 2013.  (ECF No. 636.)  At sentencing, this Court adopted the factual findings and advisory guidelines calculations in the Presentence Investigation Report ("PSR").  Pursuant to U.S.S.G. § 2D1.1(d)(1), this Court found that a cross-reference to U.S.S.G. § 2A1.1(a), the sentencing guideline for first degree murder, was appropriate.  This produced a base offense level of 43, to which a 3-level reduction for acceptance of responsibility was applied, resulting in a final offense level of 40. (ECF No. 667 at 32:16-33:7.)  That offense level, combined with the applicable criminal history category of I, resulted in an advisory guidelines range of 292 to 365 months of imprisonment. (*Id.* at 34:3-8.) Nevertheless, based on the recommendations of both parties, this Court granted Petitioner a downward departure in recognition that this was Cash's first criminal offense. (*Id.* at 63:12-65:12.) Accordingly, this Court imposed 228-month term of imprisonment as to Count One, the RICO conspiracy charge.  Counts Six and Twenty-Seven of the Superseding Indictment, as well as Counts One, Six, and Twenty-Seven of the Original Indictment, were dismissed upon the motion of the Government. (ECF No. 636.)

Cash appealed her conviction and sentence on April 1, 2013.  (ECF No. 645.)  On January 15, 2014, the United States Court of Appeals for the Fourth Circuit dismissed the appeal as barred under the appellate waiver in Cash's plea agreement.  (ECF No. 774.)  On April 21, 2014, the Supreme Court denied a petition for writ of certiorari.  *Cash v. United States*, 572 U.S. 1078, 134 S. Ct. 1921 (2014).

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded her pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255). "If the court finds . . . that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541 U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure

to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

## ANALYSIS

Cash argues that her sentence must be vacated because (1) her attorney failed to render effective assistance of counsel by failing to order a mental competency exam and (2) because she is actually innocent of the crime to which she pled guilty, RICO conspiracy. (ECF No. 978 at 5-6.) Cash's motion is untimely and without merit.

### I. Petitioner's Motion is Untimely.

28 U.S.C. § 2255(f) imposes a one-year statute of limitations for all petitions filed under § 2255. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Following a direct appeal, a judgment becomes final when the Supreme Court denies a petition for a writ of certiorari or when the time for filing such a petition expires. *Clay v. United States*,

537 U.S. 522, 526, 123 S. Ct. 1072 (2003); *United States v. Oliver*, 878 F.3d 120, 124-25 (4th Cir. 2017).

In this case, Cash submitted her motion several years after her conviction became final. The appeals process ended, and the conviction became final, when the Supreme Court denied certiorari on April 21, 2014. Pursuant to 28 U.S.C. § 2255(f)(1), Cash's deadline to seek collateral relief fell one year later, on April 21, 2015. Cash did not file the presently pending § 2255 motion (ECF No. 978) until March 29, 2019—nearly four years after that deadline elapsed.

Cash argues that her motion is timely pursuant to 28 U.S.C. § 2255(f)(3) because it is "based on" a right newly recognized by *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Johnson*, the Supreme Court found that the definition of violent felony provided by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. *Johnson*, 138 S. Ct. at 2558. In *Dimaya*, the Court extended its ruling in *Johnson* to 18 U.S.C. § 16(b), which defined the term "crime of violence" for purposes of the Immigration and Nationality Act's removal provisions. *Dimaya*, 138 S. Ct. at 1210. These cases do not have any relevance to Cash's claims. As discussed below, Cash's RICO conspiracy conviction is valid regardless of whether it is a crime of violence. Accordingly, Cash's motion is untimely and may be denied on that basis alone.[2]

---

[2] Petitioner does not advance any alternative arguments for timeliness, such as equitable tolling. Petitioner would not be entitled to equitable tolling even had she asserted it, because she has not presented extraordinary circumstances beyond her control which prevented her from making a timely filing. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

**II.     Petitioner Received Effective Assistance of Counsel.**

Cash argues that she received ineffective assistance of counsel because her "[c]ounsel did not order a mental competency exam." (ECF No. 978 at 4.) Specifically, she claims that, during a February 14, 2013 attorney inquiry hearing, Magistrate Judge Timothy J. Sullivan "clearly stated and recommended a mental health evaluation," but that, despite this recommendation, "no evaluation took place." (ECF No. 978 at 22-23.) Cash then summarily concludes that "[b]ut for counsel's unprofessional errors the result of the proceeding would be different." (*Id.* at 23.) The Government generally contends that Cash's claims are procedurally defaulted, but does not directly respond to this line of argument.

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052 (1984).

The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. To satisfy the first prong, the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound . . . strategy.'" *Id.* at 689. Specifically, a Petitioner must identify "the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* At 690.

7

The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors "had an adverse effect on the defense." *Id.* at 693.  In the plea-bargaining context, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985).

Cash has failed to satisfy the *Strickland* standard.  Cash cannot demonstrate "cause" because she has not identified an act or omission by her counsel which fell below an objective standard of reasonableness.  Contrary to her suggestion, counsel did not have authority to "order" a mental competency exam—that authority lies with the presiding judge. *See* 18 U.S.C. § 4241.  To the extent that Cash faults her counsel for failing to strenuously advocate for a mental health examination, such argument is belied by counsel's supplement to the sentencing memorandum. (ECF No. 629 at 1.)  Indeed, counsel did raise the issue of Cash's mental health for consideration by the Court.

Cash has likewise failed to show prejudice flowing from counsel's purported failings.  At the re-arraignment, Cash represented under oath that she had read and understood the charges against her, that she had not recently been treated for any mental illness, that she was not under the influence of drugs or alcohol, and she otherwise demonstrated an awareness and comprehension of the proceedings. (ECF No. 699 at 3:19-5:15.)  At sentencing, counsel's aforementioned discussion of Cash's mental health prompted this Court to acknowledge her "desire for mental health treatment" and recommend that treatment upon her commitment to the custody of the Bureau of Prisons. (ECF No. 667 at 30:11-12; 65:20-24.)  In summary, the Court finds that counsel adequately addressed Cash's concerns about her mental health

8

and presented these concerns to the Court, which were in fact considered by the Court at sentencing. His actions were not constitutionally defective.

### III.     Cash Has Not Demonstrated "Actual Innocence."

Cash argues that she is actually innocent of the RICO conspiracy charge to which she pled guilty, citing the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Supreme Court held that the "residual clause" definition of the term "crime of violence" contained in 18 U.S.C. § 16(b) was unconstitutionally vague. *Dimaya*, 138 S. Ct. at 1210. Conflating her RICO conspiracy conviction under 18 U.S.C. § 1962(d) with a separate RICO statute, violent crimes in aid of racketeering under 18 U.S.C. § 1959, Cash argues that "RICO does not constitute a crime of violence" after *Dimaya*. (ECF No. 978 at 25.)

Cash's argument is misguided because her offense of conviction, RICO conspiracy under 18 U.S.C. § 1962(d), does not require the Government to prove that she engaged in a crime of violence. To prove RICO conspiracy, the "evidence must show the existence of a RICO 'enterprise' in which the defendant conspired to participate, and that the defendant conspired that a member of the enterprise would perform at least two racketeering acts constituting a 'pattern of racketeering activity.'" *United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017) (citing *Salinas v. United States*, 522 U.S. 52, 62 (1997). The vagueness challenge presented in *Dimaya* is wholly irrelevant to Cash's conviction. Accordingly, Cash has failed to show that she is "actually innocent" of RICO conspiracy.

### CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 978) is DENIED.

9

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: August 18, 2020

 ____/s/_____
 Richard D. Bennett
 United States District Judge